UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MALAIPERUMA SUNDARAMURTHY<br><br>*Plaintiff,*<br><br>v.<br><br>ABBOTT VASCULAR INC.<br><br>*Defendant.* | Civil Action No. 21-cv-40055 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Abbott Vascular Inc. ("Abbott") removes this action styled *Malaiperuma Sundaramurthy v. Abbott Vascular Inc.*, from the Superior Court for Worcester County, Massachusetts, to the United States District Court for the District of Massachusetts.

As explained below, the United States District Court for the District of Massachusetts has original subject-matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* because complete diversity exists between Plaintiff Malaiperuma Sundaramurthy and Abbott, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.      THE STATE COURT ACTION.**

1.      On April 9, 2021, Plaintiff Malaiperuma Sundaramurthy ("Plaintiff"), a resident of the Commonwealth of Massachusetts, filed an action styled *Malaiperuma Sundaramurthy v. Abbott Vascular, Inc.* in the Superior Court of Worcester County, Massachusetts, Case No. 2185CV0414B.  *See* Ex. A, Compl.  The Complaint names one nonresident defendant: Abbott

1

Vascular Inc., a corporation organized under the laws of Delaware with its principal office located at 3200 Lakeside Drive, Santa Clara, California. *Id.* at 2.

2. In the Complaint, Plaintiff alleges that on June 24, 2018, he suffered a heart attack that led his treating doctors to discover a lesion in the circumflex artery leading to his heart. *Id.* at ¶¶ 3 and 4. Plaintiff states that the doctors utilized a Graftmaster brand covered stent system to help open the artery. *Id.* at ¶¶ 5 and 6. According to the Complaint, the Graftmaster brand covered stent system used was manufactured by Abbott. *Id.*

3. Plaintiff alleges that the stent system failed to properly open, and failed to retract inside the walls of his artery. *Id.* at ¶ 7. Plaintiff claims that due to stent's failure to open properly, he has incurred medical bills, experienced a decreased quality of life, and will require future medical care and treatment. *Id.* at ¶ 8.

4. Plaintiff asserts three causes of action against Abbott in his Complaint: defective product design, manufacturing and warnings, all based in negligence; breach of implied warranty; and breach of express warranty. *Id.* at ¶¶ 13-24.

**II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C.**

5. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     The Amount-in-Controversy Requirement is Satisfied.

6. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth in 28 U.S.C. 1332(a).[1]

7. "When a plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). A defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. But if the plaintiff contests that allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

8. Here, Plaintiff has not demanded a specific amount of damages in the Complaint. However, the nature of Plaintiff's allegations in the Complaint establishes that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

9. Plaintiff asserts claims of product defects in design, manufacturing and warnings, all based in negligence; breach of implied warranty; and breach of express warranty. All of Plaintiff's claims arise out of the alleged implantation of a stent system manufactured by Abbott

---

[1]     The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-62, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendant does not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendant may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (explaining the Act).

into his heart. Ex. A , Compl. ¶¶ 13-24. Plaintiff alleges that the stent system failed to open properly within his artery, "causing [him] to have medical complications," "suffer great anguish of mind," "incur losses and expenses," and sustain "personal injury." *Id.* at ¶ 12. Plaintiff further alleges that the "condition of his heart has been adversely affected," that "[h]is condition is not expected to improve in the future," and that he "expects further medical treatment for his blocked artery in the future, along with additional medical bills." *Id.* at ¶ 8.

10.     It is widely recognized that personal injury claims similar to those raised by Plaintiff facially meet the $75,000 jurisdictional threshold. *See, e.g., Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at 2* (C.D. Cal. Oct. 2, 2015) (denying remand in case involving hernia-mesh product and citing cases "involving severe injuries, especially those requiring surgery," in which "courts have found it facially apparent from the complaint that the amount in controversy is satisfied"); *Cole v. Medtronic*, No. 3:14-cv-381-DJH, 2015 WL 1638439, at *3 (W.D. Ky Apr. 13, 2015 (finding that "the Court is confident that the case involves more than $75,000" given the serious, complex, and expensive to treat" nature of plaintiff's alleged injures and the potential for a large award of punitive damages); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2054, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001 (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

11.     Further, along with the Complaint filed in Superior Court, Plaintiff filed a Civil Action Cover Sheet in which Plaintiff identified claimed medical expenses and damages of $95,000. Ex. B., Civil Action Cover Sheet; *see Irabor v. Lufthansa Airlines*, 2019 U.S. Dist.

LEXIS 210454, *6-7 (D. Mass. Dec. 5, 2019) (accepting amount set forth in civil action cover sheet as claimed amount in controversy): *Williams v. Toys "R" Us — Del., Inc.*, 2016 U.S. Dist. LEXIS 134905,*1-2 (D. Mass. Sep. 28, 2016) ("[A] civil cover sheet may provide evidence of the amount in controversy [but] is not in itself dispositive.").

12. In short, considering the nature of the injuries Plaintiff allege and the amount of monetary relief they demand, it is clear that the amount-in-controversy requirement of $75,000.01, exclusive of interest and costs, is met.

### B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

13. Complete diversity exists under 28 U.S.C. § 1332(a) because Abbott is not a citizen of the same state as Plaintiff.

14. Plaintiff alleges that he is a resident of the State of Massachusetts. Ex. A , Compl. ¶ 1.

15. Abbott is a corporation. A corporation is a "citizen of every State ... by which it has been incorporated and of the State … where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

16. For the purposes of determining its citizenship under 28 U.S.C. 1332(c)(1), Abbott is a citizen of Delaware and California. Abbott is incorporated in Delaware and has its principal place of business in California. Ex. A , Compl. ¶ 2.

### III. REMOVING DEFENDANT HAS SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

17. The Superior Court for Worcester County, Massachusetts, is located within the District of Massachusetts, *see* 28 U.S.C. § 124(a), and venue for this action is proper in this Court because the District of Massachusetts, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon and by Abbott are attached as Exhibit C.

19. Abbott will promptly file a copy of this Notice with the Clerk of the Superior Court for Worcester County, Massachusetts, as required by 28 U.S.C. § 1446(d).

20. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

21. Abbott received a summons and complaint via service by mail on May 10, 2021.

22. Removal is timely as this Notice was filed within 30 days of Abbott's receipt of the initial pleadings and summons. *See* 28 U.S.C. § 1446(b)(2)(B).

23. No previous application has been made for the relief requested herein.

24. By removing this action to this Court, Abbott does not waive any defenses, objections or motions available under state or federal law. Abbott expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, improper party or under the doctrine of forum non conveniens.

WHEREFORE, Abbott gives notice that the matter bearing the case number 2185CV0414B currently pending in the Superior Court of Worcester County, Massachusetts, is removed to this Court pursuant to 28 U.S.C. §§ 1332 & 1441 *et seq.*

**ABBOTT VASCULAR INC.**

By its attorneys,

*/s/ Benjamin O'Grady*
Benjamin W. O'Grady, BBO #696068
bogrady@grsm.com
857-263-2000
Gordon Rees Scully Mansukhani, LLP
21 Custom House Street, 5th Floor
Boston, MA  02110

.

**CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of June 2021, I have filed the above and foregoing pleading electronically with the Clerk of Court using the CM/ECF system, which will serve notice on all counsel of record. Additionally, a true and accurate copy of the foregoing document was served via electronic mail on all counsel identified below:

David Hass
Law Offices of Burton J. Hass
640 Main Street
Malden, MA  02148

*/s/ Benjamin O'Grady*