COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss  SUPERIOR COURT
NO: 2185CV0414B

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MALAIPERUMA SUNDARAMURTHY,
Plaintiff

VS.

ABBOTT VASCULAR, INC.,
Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

1. The plaintiff, Malaiperuma Sundaramurthy ("Sundar"), resides at 23 Elm Street, Gardner, Worcester County, Massachusetts.

2. The defendant, Abbott Vascular, Inc. ("Abbott"), is a foreign corporation organized under the laws of Delaware with a principal office located at 3200 Lakeside Drive, Santa Clara, California. Defendant Abbott has named The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent for service of process.

**FACTS**

3. On or about June 24, 2018, plaintiff Sundar had a heart attack. He sought treatment at the St. Vincent Hospital in Worcester, Massachusetts.

4. At the St. Vincent Hospital, doctors discovered that there was a lesion in the circumflex artery leading to Sundar's heart. In order to open the blockage, the doctors performed a percutaneous coronary intervention known as a balloon angioplasty. The doctors inserted a catheter into Sundar's artery. At the tip of the catheter, there was a

1

balloon. The doctors inflated the balloon inside the artery. As the balloon inflated, it removed the blockage.

5. Next, the doctors inserted three stents in the artery. The stent is a small mesh-like device made of metal. When it is placed inside an artery, the stent acts like a scaffold, keeping the artery open.

6. However, the stents did not keep the artery open. The doctors decided to insert a fourth stent. The fourth stent was placed over the balloon. The balloon was supposed to inflate again, and expand the stent to reach the walls of the artery. The system used to insert the fourth stent placed inside Sundar was a Graftmaster brand covered stent system that was manufactured by defendant Abbott.

7. The balloon part of the Graftmaster stent system failed to retract inside the walls of the artery. The balloon remained open inside the artery. As a result, the fourth stent failed to open properly.

8. Due to the failure of the stent to open properly, Sundar has suffered injury. The condition of his heart has been adversely affected. He has incurred medical bills, and the quality of his life has suffered. His condition is not expected to improve in the future. He expects further medical treatment for his blocked artery in the future, along with additional medical bills.

9. Defendant Abbott negligently and carelessly designed and manufactured the stent implantation system so that the stent system was defective and unsafe.

10. Defendant Abbott failed to warn the plaintiff of problems with the stent system. Abbott failed to supply an instruction manual for the stent system to plaintiff that warned of the defective design.

2

11. Defendant knew, or should have known, that the stent system was unsafe and defective.

12. As a direct and proximate result of defendant's carelessness and negligence, the stent system and its balloon failed to close properly within Sundar's artery, causing Sundar to have medical complications. Sundar was caused to suffer great anguish of mind, was caused to incur losses and expenses, and also suffered personal injury.

## COUNT I
### (Plaintiff's Claim of Negligence against Abbott Vascular, Inc.)

13. Plaintiff repeats the allegations contained in paragraphs 1 through 12 of the Complaint.

14. Defendant Abbott owed a duty to plaintiff to safely design, manufacture, test, repair, distribute, sell and maintain the stent system.

15. Defendant Abbott was negligent with respect to the designing, manufacturing, testing, inspecting, repairing, distributing and selling of the stent implantation system. Defendant Abbott was negligent with respect to equipping the stent system with inadequate safeguards, warnings and/or instructions.

16. As the direct and proximate result of said negligence of said defendant, plaintiff sustained damages, suffered anguish of mind, and incurred expenses.

## COUNT II
### (Plaintiff's Claim of Breach of Implied Warranty Against Abbott Vascular, Inc.)

17. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 16 and incorporates each as if fully set forth herein.

18. Defendant Abbott impliedly warranted to plaintiff that the stent system and its component parts were merchantable, safe and fit for ordinary purposes. Defendant Abbott is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Abbott. Abbott therefore breached these warranties to plaintiff.

19. As the direct and proximate result of said negligence of defendant Abbott, plaintiff sustained damages, suffered anguish of mind, and incurred expenses.

## COUNT III
### (Plaintiff's Claim of Express Warranty Against Abbott Vascular, Inc.)

20. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 19 and incorporates each as if fully set forth herein.

21. Defendant Abbott placed the stent system that injured plaintiff on the market, knowing that it would be used without inspection for defects.

22. The stent system that was placed on the market by Abbott and which injured plaintiff was defective.

23. Abbott made express warranties regarding the stent system.

24. The defect in the stent system caused plaintiff's injury. As the direct and proximate result of said defect, plaintiff sustained damages, suffered anguish of mind, and incurred expenses.

WHEREFORE, the plaintiff, Malaiperuma Sundarmurthy, demands judgment against the defendant as stated above in an amount to be determined by the Court, plus costs and interest.

4

**THE PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES.**

By his attorney,

/s/David Hass
**DAVID HASS (BBO# 542237)**
LAW OFFICES OF BURTON J. HASS
640 Main Street
Malden, MA 02148
(781) 322-3900
BJHlaw@msn.com

Dated: April 4, 2021