UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| MALAIPERUMA SUNDARAMURTHY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:21-cv-40055-ADB |
| | * | |
| ABBOTT VASCULAR, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM & ORDER**

BURROUGHS, D.J.

## I.        INTRODUCTION

Pending before the Court is Malaiperuma Sundaramurthy's ("Plaintiff") motion for

reconsideration of the Court's March 18, 2022 order and memorandum on Abbott Vascular,

Inc.'s ("Defendant") motion to dismiss and Plaintiff's motion to amend.  For the reasons set forth

below, Plaintiff's motion for reconsideration, [ECF No. 44], is DENIED.

## II.       FACTUAL BACKGROUND

Plaintiff does not contest or otherwise seek modification of the Court's recitation of the

facts in its prior order, and the Court reproduces below the portion of the order relevant to this

motion.[1]

> The following facts are drawn from the proposed amended complaint attached to
> the plaintiff's motion to amend. (Docket No. 26-2). The plaintiff suffered a heart
> attack in June 2018. At St. Vincent Hospital for treatment, doctors inserted a

---

[1] The Court omits facts relating to Harold Moore, a cardiologist with a practice in Milford, Massachusetts, and VHS Acquisition Subsidiary Number 7, Inc., d/b/a St. Vincent Hospital, as Plaintiff has not moved for reconsideration of the Court's order denying Plaintiff's motion to amend to add Moore and St. Vincent Hospital as defendants.

catheter into one of the plaintiff's arteries. At the tip of the catheter was a balloon. Once the balloon was inside the plaintiff's artery, doctors inflated the balloon to remove blockage. Doctors then inserted three stents -- mesh-like devices made of metal -- to keep the artery open. When the stents could not keep the artery open, doctors decided to insert a fourth stent. To do so, they used a stent system, branded as the Graftmaster stent system, manufactured by Abbott. The balloon part of the Graftmaster stent system failed to retract inside the plaintiff's artery, preventing the fourth stent from opening properly. As a result, the plaintiff suffered injury.

The plaintiff alleges that Abbott negligently and carelessly designed and manufactured the stent system inserted into his artery, such that the stent system was defective and unsafe according to the Food and Drug Administration's Current Good Manufacturing Practices ("CGMP"). The plaintiff points to sections of the CGMP requiring manufacturers to develop, implement, and maintain quality control systems for the design and manufacture of devices. See 21 C.F.R. §§ 820.1, 820.5, 820.20, 820.25.

The plaintiff alleges that Abbott used a manufacturing process that exposed some of its balloons to excess heat during manufacturing. The excess heat weakened the material "proximal to the balloon bond." The weakened balloons, then, exhibited difficulty deflating or were unable to deflate. After Abbott received reports of injury due to defective balloons, Abbott recalled one type of its catheters, but not the Graftmaster stent system. After Abbott received additional reports of injuries, Abbott recalled more of its catheters, but still not Graftmaster stent system. The plaintiff alleges that Abbott failed to warn him of these problems, including by failing to provide him with an instruction manual for the stent system.

The plaintiff asserts three claims against Abbott. Count I of the plaintiff's proposed amended complaint alleges that Abbott was negligent with respect to the design, manufacture, and warnings of its stent system. Count II alleges that Abbott breached the implied warranty of merchantability with respect to the warnings of its stent system. Count III alleges that Abbott breached an express warranty.

[ECF No. 38 at 1–3].

III.     **PROCEDURAL HISTORY**

Plaintiff initially filed this action in Massachusetts state court.  [ECF No. 1-1].

Defendant then removed the case to federal court and the case was assigned to Judge Hillman.

[ECF Nos. 1, 3].  Defendant moved to dismiss the complaint for failure to state a claim.  [ECF

No. 10].  Judge Hillman heard oral argument on the motion on November 5, 2021 and took the

matter under advisement.  [ECF No. 24].  On December 6, 2021, he issued an order finding that

dismissing the compliant was warranted, and gave Plaintiff leave to file a motion to amend within 45 days.  [ECF No. 25 at 6].  Plaintiff thereafter moved to amend and appended a proposed amended complaint.  [ECF Nos. 26, 26-2].  After the motion was fully briefed, Judge Hillman issued an order granting in part and denying in part Defendant's original motion to dismiss and granting in part and denying in part Plaintiff's motion to amend.  [ECF No. 38 at 1].  Specifically, Judge Hillman allowed Plaintiff to amend his complaint to proceed on a manufacturing defect theory, which the Court read into Count I, [ECF No. 38 at 5–6], but dismissed Plaintiff's other negligence theories of liability, [id. at 6–7], and further dismissed Plaintiff's breach of implied and express warranty claims (Counts II and III), [id. at 7].

Following the entry of the March 18, 2022 order, there was no activity in the matter for nearly three months.  Then, on June 16, 2022, the matter was reassigned to this Court.  [ECF No. 39].  During a scheduling conference on July 6, 2022, Plaintiff's counsel notified the Court that he would be seeking reconsideration of Judge Hillman's prior order.  [ECF No. 43].  Thereafter, on July 15, 2022, Plaintiff filed the present motion, [ECF No. 45], which Defendant opposed, [ECF No. 46], and the motion is now ripe for resolution.

IV.     **LEGAL STANDARD**

Notably, Plaintiff does not identify any basis for his motion for reconsideration, and while such motions are usually decided pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, neither are applicable here because they only apply to final judgments.  See Barrows v. Resol. Tr. Corp., No. 94-cv-01555, 1994 WL 643309, at *3 (1st Cir. Nov. 15, 1994) (noting that Rule 59(e) "applies only to final judgments"); Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 874 (1st Cir. 1990) ("It is, by this time, well settled that Rule 60 applies only to

final judgments.").  Because Judge Hillman's order was not a final judgment, the Court considers

Plaintiff's request under the standard for reconsideration of interlocutory orders.

"A federal district court has the discretion to reconsider interlocutory orders and revise or

amend them at any time prior to final judgment."  Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D.

Mass. 2000) (citation omitted); see Fed. R. Civ. P. 54(b); see also Perez-Ruiz v. Crespo-Guillen,

25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders . . . remain open to trial court

reconsideration, and do not constitute the law of the case." (citation omitted)).  The Supreme

Court, however, has cautioned that "courts should be loathe to [reconsider orders] in the absence

of extraordinary circumstances such as where the initial decision was 'clearly erroneous and

would work a manifest injustice.'"  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800,

817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983), decision supplemented,

460 U.S. 605 (1983)).  In the words of the First Circuit, "[t]he granting of a motion for

reconsideration is 'an extraordinary remedy which should be used sparingly.'"  Palmer v.

Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  The grounds for granting such a

motion are correspondingly limited to instances "when the movant demonstrates (1) an

intervening change in the law; (2) the discovery of new evidence not previously available; or (3)

a clear error of law in the first order."  Davis, 89 F. Supp. 2d at 147; see also Tomon v. Entergy

Nuclear Operations, Inc., No. 05-cv-12539, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011)

(citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

## V.      DISCUSSION

Plaintiff's motion for reconsideration amounts to less than two full pages of argument

and does not point to any "clear error."  Plaintiff also does not make any argument that there has

been an intervening change in the law or that new evidence has been discovered.  In the Court's view, this failure alone is reason enough to deny the motion to reconsider.  Nonetheless, the Court will construe the motion as alleging clear error and proceed with its analysis on that assumption.

### A.    Pleading Requirement

Plaintiff asserts that in the March 18, 2022 order the Court imposed a pleading requirement beyond the requirement set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  In support, Plaintiff argues that, with respect to his negligence claim, the Court "require[d] plaintiff to engage in expert analysis concerning the nature of the design defect prior to the time that the case had begun."  [ECF No. 45 at 2].  This Court disagrees.  In the prior order, Judge Hillman noted that the complaint alleged only that Defendant "used a manufacturing process that exposed 'some' balloons to excess heat" and that Plaintiff "label[ed] this failure a 'manufacturing error,' not a 'design error.'"  [ECF No. 38 at 6].  On that basis, the Court concluded that the complaint did not state a complaint for a design defect.  [Id.].  Having conducted an independent review of the non-conclusory allegations in the complaint, this Court reaffirms that point as well as Judge Hillman's conclusion that the complaint failed to state a claim for negligence based on a design defect.  Plaintiff's contention that the Court required him to engage in an expert analysis concerning the nature of the design defect at the pleading stage is incorrect.  Rather, the Court found that the complaint failed to state a claim for a design defect based on its (accurate) determination that the complaint did not allege *any* design defect in a non-conclusory fashion.

Because this Court agrees with that assessment, Plaintiff's motion for reconsideration of this ruling is <u>DENIED</u>.

**B.      Failure to Warn**

Read broadly, Plaintiff's motion next argues that the Court erred in dismissing his negligence count to the extent that it alleged a failure to warn.  [ECF No. 45 at 2].  Judge Hillman concluded that Plaintiff had not adequately pled a plausible parallel claim[2] because the complaint alleged that Defendant failed to warn him of the problems associated with its stents and such a requirement would impose a condition that is different from, or in addition to, the requirements of the FDA's CGMPs that Plaintiff alleges Defendant violated.  [ECF No. 38 at 6].  The Court further noted that Plaintiff "has not identified a regulation requiring [Defendant] to provide the warning he implicitly proposes."  [<u>Id.</u>].  Here, again, Plaintiff does not contend that the Court clearly erred, but instead argues that the claim should survive because Defendant's alleged failure to warn "concerns a product recall that is outside the scope of the approved warnings approved by the FDA in the normal course of business."  [ECF No. 45 at 2].  This argument fails.  By his own words, Plaintiff admits that the requirement he seeks to impose on Defendant through his failure to warn claim "is outside the scope of the approved warnings

---

[2] As the prior order accurately stated, the Medical Device Amendments ("MDA"), 21 U.S.C. § 360 *et seq.*, to the Food, Drug, and Cosmetic Act ("FDCA") "expressly preempt[] state law claims seeking to impose safety and effectiveness requirements 'different from, or in addition to' federal requirements applicable to those devices[,]" but that '[s]tate law claims that impose requirements 'parallel' to federal requirements . . .  are not preempted."  [ECF No. 38 at 3–4 (citations omitted)].  It further explained that "[s]tate law claims are 'parallel' to federal requirements when they are premised on a violation of federal requirements."  [<u>Id.</u> at 4].

approved by the FDA," [id.], and such claims are expressly preempted, <u>Riegel v. Medtronic, Inc.</u>,

552 U.S. 312, 330 (2008).[3]

### C.    Breach of Implied Warranty

Plaintiff next contends that the Court should not have dismissed his claim for breach of

implied warranty because that claim incorporated, in addition to failure to warn, claims for

negligent recall and "negligent designing, testing, inspecting, repairing, distributing and selling

of the stent that should have been recalled." [ECF No. 45 at 2]. To the extent Plaintiff argues

the claim should be reinstated because the Court erred in dismissing all claims premised on a

failure to warn, that argument fails for the reasons discussed above. The same is true with

respect to Plaintiff's purported claim for negligent recall and negligent design. Plaintiff is thus

left with his assertion that his claim for breach of implied warranty includes a claim for negligent

testing, inspecting, repairing, distribution, and selling of the stent. However, even if this Court

agreed that such theories of liability were properly incorporated, it would agree with Judge

Hillman that such claims are preempted because they are seemingly predicated on the argument

that the FDA wrongly determined that an approved product, here the Graftmaster, was safe.[4]

<u>Cunningham v. Abbott Vascular, Inc.</u>, No. 21-cv-10241, 2022 WL 2387903, at *5 (D. Mass.

Mar. 1, 2022) (holding that where a plaintiff alleges that Abbott breached its implied warranty

"that the stent and its component parts were merchantable, safe and fit for ordinary purposes[,]"

---

[3] To the extent that Plaintiff's motion requests that his negligence claim "proceed to include . . . a
theory of 'negligent recall[,]'" [ECF No. 45 at 2], it is <u>DENIED</u> because the proposed amended
complaint does not contain such a claim and, even if it did, "[a]ny claim, under state law, then,
that Defendant failed to warn patients beyond warnings required by the FDA, or that Defendant
failed to recall a product . . . would constitute state requirements 'different from' or 'in addition
to' [federal requirements,]" <u>Cupek v. Medtronic, Inc.</u>, 405 F.3d 421, 424 (6th Cir. 2005).

[4] The Court further notes that Plaintiff fails to identify a parallel state cause of action nor is the
Court aware of one.

"[t]he MDA preempts these causes of action because a jury would have to find that the devices were 'not safe and effective, a finding that would be contrary to the FDA's approval'"); see also Duggan v. Medtronic, Inc., 840 F. Supp. 2d 466, 473 (D. Mass. 2012) (holding that where a device was granted premarket approval, like the Graftmaster, state law claims for breach of implied warranty are preempted under the MDA).

### D.    Breach of Express Warranty

Plaintiff's final argument is that the Court erred in dismissing his claim for breach of express warranty, but this argument similarly lacks merit.  In the March 18, 2022 order, the Court dismissed the express warranty claim, finding that Plaintiff "[did] not allege any express warranty made by Abbott."  [ECF No. 38 at 7].  Plaintiff takes issue with this finding and points to paragraph 43 of his proposed amended complaint, which states that "Abbott made express warranties regarding the stent system."  [ECF No. 45 at 3; ECF No. 26-2 ¶ 43].  It is axiomatic that when considering a motion to dismiss, courts "must 'distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'"  Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)).  Plaintiff's conclusory allegation that Abbott "made express warranties" is not sufficient to survive a motion to dismiss for failure to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).  That Plaintiff would seek reconsideration of this finding is surprising given Judge Hillman's earlier warning that even including this claim in the original pleading was "sailing kind of close to Rule 11[.]"  [ECF No. 46-2 at 16].

8

**VI.**　　　**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration, [ECF No. 44], is

<u>DENIED</u>.

　　　　**SO ORDERED.**

March 1, 2023

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
 U.S. DISTRICT JUDGE
